No. 9.—JOHN N. HARRIS, plaintiff in error, *vs.* O. & A. WET-
MORE, defendants.

[1.] Under the Judiciary Act of 1799, an execution cannot issue until four days
after the adjournment of the Court at which the verdict was obtained, or the
confession of judgment was made.

Illegality, from Muscogee Superior Court, decided by Judge
ALEXANDER.

The facts of this case are as follows : At the November Term,
1847, of the Superior Court of Muscogee county, which term
commenced on the 2d Monday in November, and closed on the
9th day of February, 1848, the defendants in error obtained a
verdict, and signed a judgment against the plaintiff in error.   The
verdict was rendered and the judgment signed on the 15th Janu-
ary, 1848.   On the 21st day of January, 1848, *before the adjourn-
ment of the Court*, a *fi. fa.* was issued from the judgment, and
levied on the property of Harris, the plaintiff in error.   Where-
upon Harris filed his affidavit of illegality, under the Statute of
Georgia, claiming that the execution had issued illegally, in as
much as four days had not elapsed since the adjournment of the
Court, before the issuing of the *fi. fa.*   The Court below,
Judge Alexander presiding, overruled the motion of the plaintiff
in error, on this state of facts, to set aside the *fi. fa.* and sustain
his affidavit of illegality.   To this decision Harris excepted, filed
his writ of error, and brought his case to this Court.

HINES HOLT, for plaintiff in error.

JOHN SCHLEY, for defendants in error cited :

*Bragner vs. Langmade*, 7 *Term*, 20.   *Gradley vs. Hightower*, 1
*Kelly*, 254.   *Prince*, 426, 436.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The single question presented in this case is, whether, un-
der the Judiciary Act of 1799, an execution can issue during the

Harris *vs.* Wetmore.

term at which thev'erdict was obtained, or the confession of judg-ment was made, or within the four days after the adjournment of the Court.   We are of the opinion that it cannot.   It is conceded that the party cast in the suit, is allowed four days after the ad-journment of the Court, either to enter an appeal, or *stay* the ex-ecution.   The issuing of the execution previously, would seem to conflict directly with this privilege.   In many cases where the Court is adjourned over for several months, where verdicts have been rendered at an early period during the session, if the execu-tion, were allowed to issue immediately, the defendant's property might be seized and sold, while his right of appeal or stay of ex-ecution still existed.   But we consider the language of the Stat-ute itself, conclusive upon this point.   It declares, "*Provided al-ways,* that any party against whom any judgment shall be enter-ed, may give good and sufficient security, *either in open Court* or in the Clerk's office, *within four days after the adjournment of the Court,* for the payment of the judgment and costs within sixty days; and if such party shall not pay the same agreeably thereto, execution may issue against such party and *the security,* without any other proceeding therein."   *Prince,* 426.

Two things are manifest from this clause :—*First,* that the judgment may be entered up at any time after verdict, for the stay of execution is supposed to be subsequent to the signing of judgment, and yet this may be done in *open Court* ; and *secondly,* from the fact, that upon failure of payment, after the expiration of sixty days, the execution is to issue, both against the principal and his *security,* it is evident that the law did not contemplate the issuing of an execution against the principal *alone,* previously.

Seeing no good reason, therefore, for overturning a practice of a half a century's standing, and one so well understood by our people, we are constrained to reverse the judgment.   We can well conceive that special circumstances might exist to justify the issu-ing of an execution immediately, as that the defendant was about removing his person or property, or both, without the limits of the State, or that he was a *single gentleman,* and such like ; but it is for the Legislature, and not the Courts, to confer this power, and under such restrictions as the General Assembly may see fit to impose.

Judgment reversed.